UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION AT LAFAYETTE

LEROY BURKE,                    )
                                )
        Petitioner,              )
                                )
    v.                          )   CAUSE NO. 4:15-CV-021 RL
                                )
SUPERINTENDENT                  )
                                )
        Respondent.              )

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. § 2254 Habeas Corpus Petition by State Prisoner Challenging a Prison Disciplinary Proceeding, filed by Leroy Burke, a *pro se* prisoner, on March 9, 2015 (DE #1). For the reasons set forth below, the court **DENIES** the petition (DE #1). The Clerk is **DIRECTED** to close this case.

BACKGROUND

Here, Burke challenges a disciplinary determination made by a hearing officer at the Miami Correctional Facility ("Miami") under case number MCF 14-11-0485, where he was found guilty of possession of a controlled substance. Burke was sanctioned with a loss of 60 days earned credit time. The conduct report states:

> On October 3rd, 2014, Internal Affairs received information that Offender Leroy Burke Jr., 103288 housed in LH-307, was in possession of methamphetamine. I contacted Capt. Dale Traux and asked that this offender and the offender's cell be shook down. At approximately 3:23pm Officer Kingery and Sgt. Shidler entered the Offender's cell. Offender Burke did not want to

cooperate and became combative. The officer and sergeant had to restrain the offender while wrestling him to the ground. While they were trying to restrain Burke in the day-room, you can see Burke throwing a white object inside his cell. Sgt. Shidler retrieved the package and brought it to Internal Affairs. I unwrapped the package and found a white substance. I conducted a field test on the substance and it tested positive for methamphetamine [Exhibit C]. A note also found on this offender states there was 2.5 grams of Ice in the package. The package was weighed and it was 2.5 grams.

(DE #8-1.)

On November 10, 2014, Burke was notified of the charge. (DE #8-4.) The screening report reflects that he pled guilty, declined a lay advocate, and did not request and witnesses or physical evidence.

On November 10, 2014, a hearing officer conducted a disciplinary hearing. (DE #8-5.) At the hearing, Burke commented that, "I plea guilty." (*Id.*) The hearing officer accepted his plea and found Burke guilty of the charge of possession of a controlled substance. (*Id.*) Relying on staff reports and Burke's statement, the hearing officer imposed a penalty of 60 days lost earned time credits and demoted him from credit class 1 to credit class 2. (*Id.*) Burke appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE ##8-6, 8-7, 8-8.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections

under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Burke raises four claims in his petition: (1) he was denied an impartial hearing officer; (2) the charges against him are false; (3) he was entitled to a written explanation of the hearing officer's determination; and (4) his Fifth Amendment privilege against self-incrimination was violated.

First, Burke complains that he was denied an impartial hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some

3

limited involvement in the event underlying the charge. *Id.*

Here, Burke does not clearly explain why he believes the hearing officer was biased, but there is no indication that he was involved in any way in the events underlying the charge. Thus, there is no basis for habeas relief.

Next, Burke claims that his rights were violated because the charge was initiated by staff for retaliatory reasons. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson*, 188 F.3d at 787. Here, however, Burke cites to no evidence and provides no argument from which retaliation may be inferred. Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, the protections to which Burke was entitled are the protections afforded by *Wolff*, and his claim that the charge was false does not itself entitle him to federal habeas relief. Liberally construed, his claim may be that the evidence was insufficient to find him guilty. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786. "[T]he relevant question is whether there is *any*

4

evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The Court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Here, the record shows that Burke had in his possession of a substance that field tested for methamphetamine. Moreover, Burke pled guilty to the offense. This constitutes some evidence that he was guilty of unauthorized possession of a controlled substance. *See Hill*, 472 U.S. at 457; *see also Moffat v. Broyles*, 288 F.3d 978, 988 (7th Cir. 2002); *McPherson*, 188 F.3d at 786.

Third, Burke claims that the hearing officer's written decision was inadequate because it does not explain why he arrived at his decision. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the hearing officer's report indicated that accepted Burke's guilty plea. (DE #8-5.) The hearing officer's stated reason for his decision was based on the guilty plea. (*Id*.) His statement is not lengthy, but it illuminated the basis for his decision. The written statement the hearing officer provided satisfied the

minimal requirements of due process, and therefore this claim is denied.

Fourth, Burke claims he was denied his Fifth Amendment right against self-incrimination because he was not given his Miranda rights. He alleges that he was not given *Miranda* warnings, but such advisements are not required in prison disciplinary cases. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

Not only is there sufficient evidence to find Burke guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Burke guilty of possession of a controlled substance, and he has not made a showing that his due process rights have been violated.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE #1). The Clerk is **DIRECTED** to close this case.

DATED: October 24, 2016         /s/ RUDY LOZANO, Judge
                                **United States District Court**